No. 86-339

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN RE THE MARRIAGE OF
ARLIE HANCOCK,

        Petitioner and Appellant,

   and

WATSON LEROY HANCOCK,

     Respondent and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Tipp, Hoven, Skjelset & Frizzell; Douglas G. Skjelset,
      Missoula, Montana

   For Respondent:

      Edward A. Cummings, Missoula, Montana

Submitted on Briefs: Feb. 5, 1987

Decided: April 16, 1987

Filed: APR 16 1987

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Arlie Hancock (the wife) appeals a Missoula County District Court order which divides the main marital asset (a ranch) between the parties in this dissolution of marriage action. The single issue on appeal is whether in dividing the ranch the lower court abused its discretion by requiring the respondent, Mr. Watson Hancock, to divide the ranch into two parts and allowing Mrs. Hancock the choice of which part she wanted. We affirm.

This appeal is the culmination of ten years of bitter dispute over the division of the ranch. In March 1977, Mrs. Hancock filed a petition for dissolution of marriage. In February 1978, the District Court entered a decree dissolving the marriage. In September 1978, the court entered judgment dividing most of the marital assets between the parties and providing for the division of the ranch. That judgment (1) ordered the parties to obtain a survey and a plat partitioning the ranch into two parcels; (2) provided that Mrs. Hancock could choose whichever parcel she desired for her own; and (3) ordered the ranch sold within 120 days of the judgment if the parties could not agree on partition. Unfortunately, the parties could not agree on how to partition the ranch nor, apparently, on an asking price for the ranch. Thus, for years the parties made no progress in either dividing or selling the ranch. In September 1985, after a number of hearings, the Missoula County District Court issued an order which stated that (1) the parties had insufficient funds to pay a surveyor to divide the ranch into two tracts of equal value; (2) a judicial sale might bring in less than fair market value or might permit one party to purchase the ranch at a low cost; and (3) an equitable means

2

of partitioning the ranch would be for Mrs. Hancock to divide the land into two parts and for Mr. Hancock to choose the parcel he desired. The court gave the parties an opportunity to comment on the proposed procedure. In response, Mrs. Hancock's counsel proposed that each of the parties should recommend a dividing line for the property. The court could then select the plan of one of the parties and the other party would choose one of the two parcels. Mrs. Hancock's counsel also objected to the court's proposed plan by pointing out that the September 1978 judgment provided that she (rather than Mr. Hancock) would get her choice of the parcels. Counsel complained that the court had taken this right away from Mrs. Hancock. In January 1986, the court modified its September 1985 order by providing that Mr. Hancock would propose a division of the property and Mrs. Hancock would choose whichever parcel she wanted.

On January 31, 1986, the parties appeared in court. Mr. Hancock drew a line on a map dividing the ranch into two parcels. The court recessed and, after approximately one hour and 45 minutes of contemplation, Mrs. Hancock chose one of the parcels. Several days later, Mrs. Hancock filed a pro se motion to reconsider, stating that she made a mistake in selecting her half of the ranch. The court denied her motion and filed an order dividing the ranch in accordance with the choice Mrs. Hancock made on January 31, 1986. This appeal followed.

> [A] District Court has far-reaching discretion in resolving property divisions and its judgment will not be altered unless a clear abuse of discretion is shown. (Citation omitted.) The test for reviewing a District Court's discretion is: Did the District Court, in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the

3

bounds of reason in view of all the circumstances? (Citation omitted.)

Buxbaum v. Buxbaum (Mont. 1984), 692 P.2d 411, 414, 41 St.Rep. 2243, 2246-2247. Under the peculiar circumstances of this case, we hold that the District Court did not abuse its discretion in dividing the ranch between the parties. The District Court found that neither party could afford to pay a surveyor to divide the ranch into two equal parcels. Mrs. Hancock does not attack this finding. Moreover, prior to the partition, Mrs. Hancock did not complain of the basic plan proposed by the court. Rather, Mrs. Hancock's objection was that in September 1985 the court ordered her to draw the dividing line with Mr. Hancock having his choice instead of vice versa. She did not object to the method but rather to who got the choice of land. Accordingly, the court ordered Mr. Hancock to draw the line with Mrs. Hancock having her choice. The court allowed her ample time to choose her half of the ranch and she was advised by counsel, her daughter and a friend. Further, we agree with the lower court that there was no evidence that Mrs. Hancock's mental status was impaired at the time of her choice. We also agree with the lower court that simply ordering the ranch sold at auction could result in a substantial loss for the parties. Lastly, it is apparent from the record that the parties were completely unable to agree on how they could divide the ranch between themselves.

The method employed by the lower court will generally result in an equal division. The party drawing the dividing line is essentially forced to make an equal partition. Otherwise, he risks receiving the smaller parcel left after the other party chooses. The ranch in this case was fairly small (265 acres) and was familiar to both parties. The line drawn was relatively straight and does not demonstrate an

4

attempt to confuse Mrs. Hancock. Mrs. Hancock's choice was simple. We find no abuse of discretion.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices