No. 89-250

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN RE THE MARRIAGE OF
JUDY K. NOVAKOVICH,

    Petitioner and Appellant,
 and

RANDY NOVAKOVICH,

    Respondent and Respondent.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
      In and for the County of Carbon,
      The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Linda L. Harris; Harris & Ventrell, Billings, Montana

  For Respondent:

    A. W. Kendall, Red Lodge, Montana

_____

Submitted on Briefs: Nov. 21, 1989

Decided: December 14, 1989

Filed:

_____
      Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The wife Judy K. Novakovich appeals the decree of dissolution of the Thirteenth Judicial District Court, Yellowstone County, distributing the marital estate of the wife and her husband, Randy Novakovich. We affirm. Wife raises a sole issue on appeal: Did the District Court abuse its discretion in the distribution of the marital estate because it discounted the value of the husband's interest in a partnership known as The Bridger-Byron Cable TV Company?

The parties were married on July 23, 1977, in Thermopolis, Wyoming. They have two minor children. In the spring of 1981 the husband entered into a partnership with his brother to build and maintain a cable television system for Bridger, Montana and Byron, Wyoming. Husband and his brother are equal partners in the television system and husband's principal occupation is to maintain the television system.

The wife filed a petition for dissolution in February 1988, and the matter was tried on October 17, 1988. Prior to the trial, the parties stipulated the resolution of the child custody and support issues. On December 6, 1988, the District Court filed its findings of fact and conclusions of law. The Court entered the Decree of Dissolution on March 1, 1989.

At the hearing, husband's expert, a certified public accountant with considerable experience in valuing small businesses, testified that the value of The Bridger-Byron Cable TV Company based on its proven earnings history was approximately $50,700.00. The expert also applied a 35% discount to the husband's interest in the Company on the grounds that the husband's interest in the Company was not a controlling interest. Wife's expert, who had bought and sold

several small cable TV businesses, testified that the market value of the business was $198,000.00.

The District Court adopted the value of the wife's expert--$198,000.00--but applied the 35% discount rate of husband's expert to the husband's 50% interest. This established a value of $65,000.00 as husband's interest in the partnership. This amount was then included in the marital estate and distributed accordingly. On appeal, the wife contends that application of the 35% discount to the husband's interest in the business amounts to an abuse of the District Court's discretion in evaluating the marital estate.

"In valuing the assets in a marital dissolution case, it must be noted that the District Court has broad discretion to determine net worth." In re the Marriage of Johnston (1986), 223 Mont. 383, 387-388, 726 P.2d 322, 325. The test for reviewing such discretion is: Did the District Court, in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all the circumstances? Buxbaum v. Buxbaum (1984), 214 Mont. 1, 7, 692 P.2d 411, 414.

Even though as a partner the husband could force the dissolution of the partnership and the liquidation of its assets, the District Court found that the husband's interest in the partnership is not as valuable as a controlling interest. Because of this lack of control, the court found that the 35% discount rate was not unreasonable.

We agree. We have recognized that discounting a spouse's interest in a business for purposes of inclusion in the marital estate is applicable to partnership interests as well as shares of stock in a corporation. See In re the Marriage of Cole (1988), 763 P.2d 39, 45 St.Rep. 1965. A partner's interest in the partnership is his share of the profits and surplus and the same is personal property.

3

Section 35-10-503, MCA.   A partner's rights in specific partnership property is that of a co-owner with the other partners holding as tenants in partnership.   Section 35-10-502(1), MCA.   An individual partner's rights in such property is generally not assignable.   Section 35-10-502(2)(b), MCA.   Thus even a partner with a 50% interest is unable to assign any control of the partnership:

> A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership or . . . entitle the assignee . . . to interfere in the management or administration of the partnership business or affairs. . . . <u>It merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled.</u>

Section 35-10-504(1), MCA.   (Emphasis added.)   Thus, while a partner may have management rights in the partnership, generally that partner cannot transfer such management rights.   This inability of a partner to transfer management rights, regardless of the size of the partner's interest, decreases the merchantability of even a large partnership interest.   The inalienability of these management rights would make discounting appropriate in some cases, as an interest would be worth less in the hands of an assignee than in the hands of a partner.

Husband and his brother would have to dissolve the partnership for husband to realize his full share of the value of the partnership.   Once dissolved and the assets liquidated, the business would be worth considerably less to the husband and the husband would be unemployed.   The District Court did not abuse its discretion in discounting the husband's interest prior to including the partnership interest in the marital estate.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5