[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION IN LIMINE
I. Statement of Facts
Holley Warner married Jonathan D. Carlisle at Old Lyme, Connecticut, on June 21, 1969. The couple resided continuously in this state for at least one year before Mrs. Carlisle filed for dissolution of the marriage on June 24, 1993. The plaintiff asks for temporary and permanent alimony, assignment of a portion of the defendant's estate, reasonable attorney's fees and such other relief as the court deems proper. On October 15, 1993, Mr. Carlisle filed a cross-complaint seeking dissolution and assignment of the plaintiff's estate to "such extent as the court deems reasonable and proper." Jay Carlisle, born August 28, 1972, and Brook Carlisle, born January 8, 1975, are the only children and lawful issue of the marriage.
On September 26, 1994, Mrs. Carlisle moved that evidence concerning her "potential interests in various trusts" be excluded at trial. On September 27, Mr. Carlisle opposed the plaintiff's motion, requesting that "information, accountings, and evaluations" on seven of the plaintiff's trust interests be admitted. The trusts in question are itemized in plaintiff's Exhibit A and defendant's Exhibit A.
The parties do not dispute a number of points. No trust is subject to revocation, modification or amendment. The plaintiff's interest in each trust is vested subject to total divestment if she fails to survive the preceding life estate. All the plaintiff's trust interests vested prior to or during the marriage. The George C. Warner Trust, from which the plaintiff currently receives $6,792 a year, is discretionary in relation to present income distribution but not as to the principal. The trustees of the Katherine B. Voorhees Trust, of which the plaintiff is one, have the authority to invade principal for the benefit of the current life estate. The trusts do not include inalienability clauses. Under the will of his deceased father, the defendant is a remainderman beneficiary CT Page 10745 of a credit shelter trust and a marital shelter trust for which his stepmother is the current life beneficiary.
II. Introduction
At issue here is whether, under Connecticut statutory and case law, irrevocable vested remainders conditioned on survival are subject to the court's consideration in determining property and alimony awards in an action for dissolution. The defendant claims that this issue is new before the court and that no precedents in Connecticut are directly on point. The plaintiff asserts that precedents relating to inchoate inheritances apply.
III. The Applicable Law
In an action for dissolution, the court may assign to either the husband or the wife "all or any part of the estate of the other person." Connecticut General Statutes Ann. § 46b-81(a) (West, 1993). In shaping alimony awards, each party's "estate" is one of the factors the court shall consider. C.G.S.A. § 46b-82. The court may assign property which either spouse received through inheritance. 7 Arnold H. Rutkin, Ellen J. Effron, Kathleen A. Hogan, Connecticut Practice Book § 25.1. See also North v. North,183 Conn. 35, 438 A.2d 807 (1981). However, the court is limited to distributing property in which a party has a presently existing interest. Rutkin, supra, § 25.1. See also Rubin v. Rubin,204 Conn. 224, 527 A.2d 1184 (1987). Although no one factor is determinative of a financial award, and each factor need not be discussed with equal depth, it would be error to exclude testimony on any one statutory factor. Gallo v. Gallo, 184 Conn. 36, 49-50,440 A.2d 782, 789 (1981); Valante v. Valante, 180 Conn. 528, 532,429 A.2d 964 (1980); Posada v. Posada, 179 Conn. 568, 573,427 A.2d 406 (1980).
Under general principles of trust law, a vested remainder subject to a subsequent condition of survival is an enforceable, equitable property right. George Gleason Bogert and George Taylor Bogert, The Law of Trusts and Trustees Section 181 (Rev.2d ed. 1979). The interest is "a present right or title to a thing, which carries with it an existing right of alienation, even though the right to possession or enjoyment may be postponed to some uncertain time in the future." Black's Law Dictionary 809 (5th ed. 1983). If the present right exists to alienate and pass title, it is not significant for what length of time the future possession or right of enjoyment is postponed. Id.
CT Page 10746
Unless prohibited by statute or provisions in the creating trust or will, the beneficiary may generally alienate his interest as freely as he might a legal estate or interest. Bogert, supra, § 181. The interest may be mortgaged, encumbered or given over inter vivos. Id. Even though vested subject to divestment, a beneficiary's interest in trust principal may be taken as security for a debt. Id. Under certain circumstances, a gift inter vivos of a vested remainder subject to a condition of survival may be a taxable gratuitous transfer of a property interest, even though it is a future not a possessory interest. Jesse Dukeminier and Stanley M. Johanson, Wills, Trusts, and Estates 647 (4th ed. 1990).
There are, however, several limitations on alienability when a vested remainder is subject to a condition of survival. The beneficiary cannot devise an interest which is extinguished by his own death. Dukeminier, supra, at 647. If the current beneficiary transfers the vested remainder inter vivos, this limitation on the power to devise, as well as the condition of survival, travels with the interest to the new beneficiary. Id. That a vested remainder is subject to a condition of survival may make the interest harder to sell. William M. McGovern, Jr., Sheldon F. Kurtz, Jan Ellen Rein, Wills, Trusts and Estates: Including Taxation and FutureInterests § 11.1 (1988). If the terms of the trust reserve total discretion in the trustees as to distribution of income or principal, the vested interest is not alienable. Bogert, supra, § 181.
When the transmission of a vested remainder subject to a condition of survival creates a taxable event, the value of the interest is generally established for federal tax purposes by resort to mortality tables and all relevant facts, including the likelihood of the conditional events happening. Dukeminier, supra, at 648. Similarly, where unaccrued pension benefits have been found divisible at dissolution, "the present value of a pension benefit may be arrived at by using generally accepted actuarial principles to discount for mortality, interest and the probability of the employee remaining with the employer until retirement age."Thompson v. Thompson, 183 Conn. 96, 438, A.2d 839 (1981). See alsoIn Re Marriage of Brown, 126 Ca. Rptr. 633, 544 P.2d 561 (1976).
Other jurisdictions have employed similar means at the time of dissolution to measure and divide vested trust interest subject to conditions. See generally, Davidson v. Davidson,19 Mass. App. 364, 474 N.E.2d 1137 (1985) (where actuarial evidence as CT Page 10747 to valuation is available, neither uncertainty of value nor inalienability of husband's vested interest in discretionary trust found sufficient to preclude consideration of interest as subject of division at dissolution); Chilkott v. Chilkott, 158 Vt. 193,607 A.2d 883 (1992) (techniques of actuarial valuation of pension interests held applicable to determining present value of husband's vested, defeasible trust interest for the purposes of property division at dissolution); Flaherty v. Flaherty, 138 N.H. 337,638 A.2d 1254 (1994) (anti-alienation clause and circumstance that the defendant's remainder interest will not have value until his last surviving parent dies do not preclude treatment of the interest as marital property); Buxbaum v. Buxbaum, 214 Mont. 1, 692 P.2d 411
(1984) (husband who had benefited from his future interests by using them as collateral, could not construe them as mere expectancy and thus preclude them from property division as dissolution); van Ossting v. van Ossting, ND Sup Ct, No. 940003, 9/7/94 (where the present value of the husband's vested credit trust was subject to contingencies and too speculative to calculate, the court found the appropriate method of distribution at dissolution was awarding the wife a percentage of future payments that would have otherwise gone to the husband).
IV. The Plaintiff's Motion in Limine
The plaintiff contends that "her potential future interests are not part of her estate at this time." Motion in Limine (hereinafter MIL), at 3. She states that "her very right to the remainder interests depends upon her surviving the principal beneficiaries." Id. She argues that her future interests are mere expectancies, "too speculative to use as the basis" of property or alimony awards. MIL, at 5.
Under the principles described above and the terms of the trusts which the exhibits enumerate, the plaintiff's future interests are not "potential". With the possible exception of the George C. Warner Family Trust and the Katherine B. Voorhees Trust, which may qualify as discretionary trusts, the plaintiff's future interests are present property rights. They are property interests she may alienate for consideration, mortgage, encumber, enforce in court, or transfer gratuitously inter vivos.
Nor does her "right to the remainder interests" depend on "her surviving the principal beneficiaries." The plaintiff has a present title to her equitable future interest. Even absent the final distributions, which require her to survive the preceding CT Page 10748 life estate, they are not without value.
The fact that a vested remainder subject to a condition of survival may be sold, mortgaged, encumbered or given away during the remainder person's lifetime, would seem to disqualify it as a "mere expectancy". A "mere expectancy" has been recognized by the Connecticut Supreme Court as "the bare hope of succession to the property of another." Krause v. Krause, 174 Conn. 361, 365,378 A.2d 548, 550 (1978). See also Rubin, supra, at 239,527 A.2d at 1192. The "expectancy" in Krause entailed a possible inheritance where the testators were still living. The "expectancy" in Rubin
involved a revocable trust as well as a living testator. In both cases, the court found that the possible inheritance in question had no attribute of property, since the heir apparent held no existing right to it, and the living testator or settlor could change the will or trust at any time. In the instant case, the testator or settlor is deceased and the relevant trusts are irrevocable. The plaintiff's enforceable, marketable, and for the most part, alienable rights to her future interests are already in her possession.
Vested remainders subject to a condition of survival appear not to be too speculative for the Federal Revenue Service to tax their transmission, where appropriate. Under Thompson, actuarial calculations are similarly applied in Connecticut to establish an equitable division of unaccrued person benefits at dissolution. As described above, at dissolution, other jurisdictions are applying actuarial methods to value trust interests which are subject to spendthrift, credit and inalienability, as well as survivorship clauses.
V. Defendant's Response to the Plaintiff's Motion in Limine
The defendant contends that the plaintiff's trust interests are present assets subject to consideration in fashioning financial awards in an action for dissolution. Defendant's Memo (hereinafter DM), at 3. The defendant argues that the vested rights are the cognizable property interests at issue, and the fact that trust benefits will not be distributed until a later date, does not remove the character of the interests as property. Id., at 11. The defendant asserts that the value of the trust interests is not too speculative to value at this time. Id. The value of the trust interests is relevant to statutory criteria the court shall consider at dissolution, such as "needs," "station-in-life," and "opportunity of each for future acquisition of capital assets and CT Page 10749 income." Id., 17-19.
The defendant cites cases standing for propositions that "point towards" the admission of evidence on the plaintiff's future interests. See generally, Bartlett v. Bartlett, 220 Conn. 372,599 A.2d 14 (1991) (husband's right to his inheritance upon mother's death was sufficient to support motion to modify award of periodic alimony even though husband had not acquired actual assets which were held in trust pending settlement of mother's estate);Anderson v. Anderson, 191 Conn. 46, 463 A.2d 578 (1983) (trial court upheld in its consideration of prior family contributions as relevant to the possibility of defendant's future acquisition of capital assets); Pepe v. Pepe, 6 Conn. L. Rptr., 624 (1992) (evidence of a trust admitted at dissolution and division of trust assets ordered where trust was established by husband); Thompson v.Thompson, supra (the value of unaccrued benefits ascertainable by resort to actuarial tables and not too speculative for division at dissolution).
The defendant distinguishes several cases. See Eslami v.Eslami, 218 Conn. 801, 591 A.2d 411 (1991) (exclusion of wife's vested interest in her deceased father's estate not an abuse of discretion in that value of such interest could not be determined until pending litigation had been resolved) and Olsen v. Olsen,7 Conn. L. Rptr. 18 528 (Nov. 1992) (where trusts in question were spendthrift trusts). The defendant distinguishes both Rubin andKrause as involving ambulatory rather than vested interests.
Several of the defendant's assertions may be imprecisely phrased. The defendant states that the plaintiff can alienate or assign the "income" of her interest. DM, at 12. Only where she receives income, may the plaintiff alienate or assign it. Where the plaintiff receives no income, she may alienate her vested interest only. The defendant notes that the "exact amount Plaintiff will receive depends on surviving her mother and aunts."Id., at 14. In fact, any nondiscretionary distributions which the plaintiff receives require that she survive the preceding life estate. The defendant states that a vested remainder is "alienable by beneficiary and transmissible by will." Id., at 12. Future interests subject to a condition of survival, however, may not be transmitted by devise, since death divests the remainderman. Dukeminer, surpa [supra], at 647.
Nonetheless, under the legal principles described above, the plaintiff's future interests appear to constitute present property CT Page 10750 rights. They are assets within the plaintiff's present estate. Assets within the plaintiff's present estate are relevant to criteria which the court shall consider at dissolution under C.G.S.A. 46b-81 (a) and (c), and 46b-82.
VI. CONCLUSION
Thus, the plaintiff's motion touches on an issue which courts several decades ago thought settled. According to one analyst, both common-law and community property systems tended traditionally, at dissolution, to protect a trust created by a third party for the benefit of only one spouse. Michael Diehl, TheTrust In Marital Law: Divisibility of a Beneficiary Spouse'sInterests on Divorce 64 TEX. L. REV. 1301, 1303 (1986). Today, a beneficiary's interests in a trust are accorded absolute protection in some states but are almost totally divisible in others. Id.
States which have gravitated towards equitable distribution have tended to discard notions of categorizing property as divisible or indivisible. Id., at 1331. These courts have focused instead on the future economic well-being of the spouses. Id. In general, these courts have been entrusted with broad discretionary powers to adjust the financial positions of party spouses. Id. Courts have found equitable title to be susceptible to normal rules of characterization as a property interest. Id.
The plain reading of C.G.S.A. § 46b-81 and § 46b-82 requires the court in actions for dissolution to consider the "estate" of each party in "fixing the nature and value of the property, if any, to be assigned". Present property interests, regardless of value, are components of a party's "estate". Thus, the plaintiff's request that evidence on her future trust interests be excluded at trial may not comply with the governing statute. The fact that the evidence is admissible does not dictate or ensure that the court must or will distribute those interests. Distribution remains entirely within the court's discretion, the result only of the court's equitable balancing of all the statutory criteria.
VII. RULING
Under Connecticut statutory and decisional law, the court has broad discretionary powers in shaping financial awards at dissolution. The court shall consider all statutory criteria including the "estate" of each. Future interests subject to conditions of survival are cognizable assets. Future interests subject to conditions may be valued by applying actuarial CT Page 10751 principles. That the court considers a future interest, in its equitable determination, does not require the court to distribute the interest. However, it would be error for the court to exclude testimony on any one statutory factor. The plaintiff's motion is denied.
HARRIGAN, J.